## Pennsylvania Door and Sash Co. v. Fassnacht Estate et al.

*Amos E. Burkholder,* for rule; *K. L. Shirk* and *Paul A. Mueller,* contra.

GROFF, J., Sept. 20, 1930.—On June 28, 1930, Landis, P. J., of this court, granted a rule to show cause why the execution issued on the above entitled judgment should not be stayed, the levy to remain a lien only on personal property acquired since the death of the decedent.

Section 15, paragraph *(k)*, of the Fiduciaries Act of June 7, 1917, P. L. 447, 479, says:

"In every case of an execution against the executors or administrators of a decedent, whether founded upon a judgment obtained against such decedent in his lifetime or upon a judgment obtained against them in their representative character, if it shall be made to appear, to the satisfaction of the court issuing such execution, that there is reason to believe that the personal assets and the rents of real estate are insufficient to pay all just demands upon the estate, such court shall thereupon stay all proceedings upon such execution until the executors or administrators shall have made application to the proper orphans' court for the sale of the real estate of the decedent, or for the apportionment of the assets, or both, as the case may require."

These judgments are entered against the said decedent's estate, and, in our opinion, must be considered to have been obtained against his representatives in their representative capacity.

This rule is not a rule to open a judgment, but only a rule to stay an execution.

The act of assembly makes no distinction between property acquired during the decedent's lifetime or property acquired after his death by his representatives. The only thing in which we are concerned is their reason to believe that the personal assets and rents of real estate are insufficient to pay all just demands upon the estate. It is alleged in the petition that the personal property and rents are insufficient to pay all just demands upon the estate. This is admitted in the answer, and a stipulation having been filed, and that fact neither having been affirmed nor denied, we take it as being true.

We have nothing to do with the validity of the judgment or the right of the decedent's representatives to contract the same.

530

It seems to us that only one course is left open to us, if we respect the above referred to paragraph of section 15 of the Fiduciaries Act of 1917, and that is to stay all proceedings upon said execution until the decedent's representatives shall have made application to the proper Orphans' Court to sell, or have sold, the decedent's personal property.

The rule to stay the execution, for the reasons herein stated, is made absolute, the levy to remain a lien until the estate is adjudicated by the Orphans' Court. Rule made absolute.

From George Ross Eshleman, Lancaster, Pa.